UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

CRAIG FRENTZEL,            )
                           )
    Plaintiff,             )
                           )
    v.                     )   No. 4:05-CV-2304 CAS
                           )
GLENN BOYER, et al.,       )
                           )
    Defendants.            )

## MEMORANDUM AND ORDER

This matter is before the Court on various motions. For the following reasons, the Court will deny plaintiff's motion to appoint counsel, plaintiff's motion to consolidate case with higher case number, plaintiff's motion to amend or correct the complaint, and plaintiff's motion for an extension of time. The Court will grant defendant's motion to withdraw.

**Background**

Plaintiff filed this action pursuant to 42 U.S.C. § 1983 alleging that defendant Glenn Boyer, Sheriff of Jefferson County, and defendants John Doe Doctor and Jane Doe Nurse violated his constitutional rights by failing to provide medication and treatment from April 21, 2005 until April 28, 2005. Plaintiff seeks compensatory and punitive damages and costs. Defendant Glenn Boyer filed an answer to plaintiff's complaint.

**Motion for Appointment of Counsel**

Plaintiff has filed a motion for appointment of counsel. The appointment of counsel for an indigent pro se plaintiff lies within the discretion of the Court, as there is no constitutional or statutory right to appointed counsel in civil cases. Phillips v. Jasper County Jail, 437 F.3d 791 (8th Cir. 2006)

(citation omitted); see 28 U.S.C. § 1915(e) ("when an indigent prisoner has pleaded a nonfrivolous cause of action, a court may appoint counsel.") (emphasis added).

Once the plaintiff alleges a prima facie claim, the Court must determine the plaintiff's need for counsel to litigate his claim effectively. In re Lane, 801 F.2d 1040, 1043 (8th Cir. 1986). The standard for appointment of counsel in a civil case is whether both the plaintiff and the Court would benefit from the assistance of counsel. Edgington v. Missouri Dept. of Corrections, 52 F.3d 777, 780 (8th Cir. 1995), abrogated on other grounds, Doe v. Cassel, 403 F.3d 986, 989 (8th Cir. 2005). (citations omitted). In this matter, the Court finds that appointment of counsel is not mandated at this time. The action appears to involve straightforward questions of fact rather than complex questions of law, and plaintiff appears able to clearly present and investigate his claim. Thus, the Court will deny plaintiff's motion for appointment of counsel without prejudice.

**Motion to Consolidate with Case 4:06-CV-214 JCH**

Next, plaintiff filed a motion to consolidate this action with Frentzel v. Moore, 4:06-CV-214 JCH (E.D. Mo.). Defendant Boyer filed a memorandum in opposition to plaintiff's motion. The Court will deny plaintiff's motion because these cases do not meet the requirements for consolidation. Federal Rule of Civil Procedure 42(a), which governs consolidation, states:

> When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.

The Court has broad discretion in ordering the consolidation of matters, however, the Court's discretion is not unbounded. Enterprise Bank v. Saettele, 21 F.3d 233, 235 (8th Cir. 1994). The Court may consolidate separate actions only when those actions involve a common question of law or fact. Id. The Court must examine "the special underlying facts" with "close attention" before

ordering consolidation. In re Repetitive Stress Injury Litigation, 11 F.3d 368, 373 (2d Cir. 1993) (citation omitted). The purpose of consolidation is to foster convenience and economy in administration. Enterprise Bank, 21 F.3d at 235. "The party moving for consolidation bears the burden of showing commonality of factual and legal issues in different actions." In Re Repetitive Stress Injury, 11 F.3d at 373 (citation omitted).

In this action, plaintiff is seeking compensation for an alleged failure to provide psychotropic medication during an eight day period of time while incarcerated as a pre-trial detainee in the Jefferson County Jail. In Frentzel v. Moore, plaintiff alleges that defendants were deliberately indifferent to his psychiatric medical needs by "delaying, denying, and discontinuing" prescribed medication while he was incarcerated at the Eastern Reception Diagnostic Correctional Center ("ERCC") and the Northeast Correctional Center ("NECC"). The Court notes that the complaint in Frentzel v. Moore mentions plaintiff's complaints about not receiving medication while temporarily housed at the Jefferson County Jail. The important difference is that in Frentzel v. Moore, plaintiff is suing defendants Jim Moore, James Purkett, Jeff Clark, Dana Meyer, and Anasseril Daniel.[1] Another important difference is that plaintiff asserts additional claims of improper medical treatment at ERCC and NECC. Because of the different facts and parties involved, the Court will decline to consolidate these actions. As a result, the Court will deny plaintiff's motion to amend his complaint pending consolidation.

---

[1]Defendants Jim Moore and James Purkett were dismissed as defendants in Frentzel v. Moore on March 10, 2006.

**Motion for Extension of Time**

Finally, the Court will deny plaintiff's motion for an extension of time to file a response to defendant's answer. Federal Rule of Civil Procedure 7(a) governs the types of pleadings allowed in federal court. Rule 7(a) provides:

> There shall be a complaint and an answer, a reply to a counterclaim denominated as such; an answer to a cross-claim; a third-party complaint . . . and a third party answer, if a third party complaint is served. No other pleading shall be allowed, except that the court may order a reply to an answer or a third-party answer.

FED. R. CIV. P. 7(a). The Court does not need and has not requested a reply to defendant Boyer's answer. Therefore, the Court will deny plaintiff's request for an extension of time.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for appointment of counsel is **DENIED without prejudice**. [Doc. 6]

**IT IS FURTHER ORDERED** that plaintiff's motion to consolidate is **DENIED**. [Doc. 17]

**IT IS FURTHER ORDERED** that plaintiff's motion to amend complaint pending consolidation is **DENIED**. [Doc. 17]

**IT IS FURTHER ORDERED** that plaintiff's motion for an extension of time is **DENIED**. [Doc. 18].

**IT IS FURTHER ORDERED** that attorney Ronald Kwentus's motion to withdraw as counsel is **GRANTED**. [Doc. 15]

_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this 17th day of March, 2006.