UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

CRAIG FRENTZEL,　　　　　　　　　)
　　　　　　　　　　　　　　　　　)
　　　Plaintiff,　　　　　　　　　)
　　　　　　　　　　　　　　　　　)
　　v.　　　　　　　　　　　　　　)　　No. 4:05-CV-2304 CAS
　　　　　　　　　　　　　　　　　)
GLENN BOYER, et al.,　　　　　　　)
　　　　　　　　　　　　　　　　　)
　　　Defendants.　　　　　　　　　)

**MEMORANDUM AND ORDER**

This matter is before the Court on various motions. Defendant Glenn Boyer opposes the motions. For the following reasons, the Court will deny plaintiff's motion for relief under rule 56(f), motion to strike defendant Boyer's motion for summary judgment, motion for default judgment, motions for joinder, motions to amend complaint, motions for discovery, motion to compel and for an extension of time, and motions to submit evidence.

**Background**

Plaintiff filed this action pro se pursuant to 42 U.S.C. § 1983 alleging that defendant Glenn Boyer, the Sheriff of Jefferson County, Missouri, and defendants John Doe Doctor and Jane Doe Nurse violated his constitutional rights by failing to provide medication and treatment from April 21, 2005 until April 28, 2005. Plaintiff seeks compensatory and punitive damages and costs. Defendant Boyer filed an answer to plaintiff's complaint.

**Motion for Relief Under Rule 56(f)**

On July 11, 2006 defendant Boyer filed a motion for summary judgment in which he argues that because plaintiff failed to exhaust the administrative remedies available to him prior to the filing of this lawsuit, plaintiff's claims are barred by the Prison Litigation Reform Act, 42 U.S.C. § 1997e.

Defendant also moves for judgment on the merits of plaintiff's complaint, arguing that: there is no evidence defendant was deliberately indifferent to plaintiff's medical needs; defendant cannot be found liable on plaintiff's § 1983 claim under the theory of respondent superior; as a pretrial detainee plaintiff is barred from bringing a claim under the Eighth Amendment; this Court lacks subject matter jurisdiction over plaintiff's claim for alleged violations of Article 1, Section 21 of the Missouri Constitution and § 221.20 Mo. Rev. Stat. (2000); and the Prison Litigation Reform Act, 42 U.S.C. § 1997e (e), bars plaintiff's action because plaintiff has failed to make a showing of prior physical injury.

In the instant motion, plaintiff asserts that he has not received responses to pending requests for admissions and for production of documents he submitted to defendant Boyer. Plaintiff argues that responses to his requests will establish that: (1) defendant Boyer at all times was aware that patients with mental illnesses were being denied treatment, (2) plaintiff was not informed of the department's internal grievance procedures, (3) the department has no grievance policy as it relates to inmates with mental illnesses, (4) defendant Boyer is aware that medical intake procedures are being performed by sheriffs deputies without proper medical training, (5) plaintiff was not seen by a doctor during the dates in question, (6) plaintiff's medical records were requested by the jail's nurse although they were never received, (7) plaintiff requested and was refused medical treatment, (8) defendant Boyer is allowing his staff to act in the capacity of trained and licensed medical personnel, (9) Boyer established de facto policies which authorize staff to not report inmates' requests for medical care, and (10) plaintiff was not seen by a Kay McIntyre.

In response, defendant states that his response to plaintiff's discovery was due on or before August 7, 2006 and that this deadline was met. Defendant asserts that at present there are no outstanding discovery requests between plaintiff and defendant. As a result, defendant argues that

2

plaintiff had adequate time for discovery, and this Court should deny plaintiff's motion under Rule 56(f).

In reply, plaintiff argues that his motion to compel discovery filed on April 14, 2006 still remains as an unresolved discovery request. Additionally, plaintiff argues that because defendant offered incomplete answers to his discovery requests, plaintiff was not given adequate time to submit more specific requests for admissions, interrogatories and requests for production of documents. Plaintiff alleges that because defendant conducted discovery unfairly, plaintiff did not have enough time for adequate discovery.

The Court concludes this motion should be denied in all respects. Plaintiff has failed to establish that a ruling on summary judgment should be delayed, in particular with respect to the threshold issue of administrative exhaustion.

Rule 56(f) states:

> **When Affidavits are Unavailable**. Should it appear from the affidavits of a party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.

A party invoking the protection of Rule 56(f) must affirmatively demonstrate why he cannot respond to the motion, and how postponement of a ruling will enable him to rebut the movant's showing of the absence of a genuine issue of fact. Roark v. City of Hazen, Ark., 189 F.3d 758, 762 (8th Cir. 1999); Stanback v. Best Diversified Prods., Inc., 180 F.3d 903, 911 (8th Cir. 1999). Although adequate time must be provided for discovery, Rule 56 does not require the completion of all discovery before a court may properly grant summary judgment. Dulany v. Carnahan, 132 F.3d 1234, 1238 (8th Cir. 1997). When a party seeks postponement of a summary judgment decision, the party must "file an affidavit with the trial court to show what specific facts further discovery might

unveil." Id. In order to be protected by Rule 56(f), "a party must articulate what additional discovery is necessary and how it is relevant to the opposition of the pending motion for summary judgment." Allen v. Bridgestone/Firestone, Inc., 81 F.3d 793, 797 (8th Cir. 1996).

Plaintiff's motion under Rule 56(f) is premised on defendant's failure to provide discovery responses to plaintiff. Plaintiff does not, however, contravene defendant's statement that discovery has now been provided. Plaintiff argues that one document, Doc. No. 46, Exhibit B, should have been provided to him with defendant's initial disclosures rather than in August 2006.[1]

---

[1] Plaintiff did not file a motion to compel in April 2006, but did file two "motions for discovery," which ask the Court to order Boyer to submit the names of four individuals [Doc. 27] and to order non-party Correctional Medical Services to provide certain medical records [Doc. 29]. Plaintiff may obtain discovery from another party in this action by, among other things, directing to that party interrogatories, requests for admission, or requests for production of documents. See Rules 33, 34, 35, Fed. R. Civ. P. The Federal Rules also provide guidance on seeking discovery from persons who are not parties to the action. See Rules 30, 31, 34(c), 45, Fed. R. Civ. P. Plaintiff cannot obtain discovery, however, by requesting that the Court order a party or non-party to produce documents or provide information.

To the extent plaintiff's motions for discovery could be construed as motions to compel discovery responses, they must be denied without prejudice because the motions do not contain the statement of good faith effort to resolve the dispute, as required by Eastern District Local Rule 3.04(A). Rule 3.04(A) provides:

> The Court will not consider any motion relating to discovery and disclosure unless it contains a statement that movant's counsel has conferred in person or by telephone with the opposing counsel in good faith or has made reasonable efforts to do so, but that after sincere efforts to resolve their dispute, counsel are unable to reach an accord. This statement also shall recite the date, time and manner of such conference, and the names of the individuals participating therein, or shall state with specificity the efforts made to confer with opposing counsel.

E.D. Mo. L.R. 3.04(A). This rule also applies to plaintiff, as a pro se individual. A pro se litigant is not excused from complying with court orders or substantive and procedural law, "even without affirmative notice of the application of the rules to his case." Bennett v. Dr. Pepper/Seven Up, Inc., 295 F.3d 805, 808 (8th Cir. 2002).

Because plaintiff has failed to comply with Local Rule 3.04(A), the Court will not consider the motions for discovery and will deny the same without prejudice. The same defects are present in plaintiff's motion to compel filed June 13, 2006, which asks the Court to compel non-party Correctional Medical Services to disclose certain documents to plaintiff and for an extension of time to obtain these records. The motion to compel and for an extension of time will also be denied without prejudice.

Plaintiff does not present facts explaining why he is now unable to respond to defendant's motion for summary judgment. Therefore, relief is not available to plaintiff under Rule 56(f). See, e.g., Roark, 189 F.3d at 762; Cassidy, Inc. v. Hantz, 717 F.2d 1233 (8th Cir. 1983). Moreover, plaintiff fails to explain how further discovery would enable him to respond to defendant's contention that plaintiff did not exhaust the administrative remedies available to him through the jail's grievance system, as argued in defendant's motion for summary judgment. Under 42 U.S.C. § 1997(e)(a), a prisoner cannot bring a § 1983 action with respect to prison conditions until such administrative remedies as are available are exhausted." Kozohorsky v. Harhom, 332 F.3d 1141, 1143 (8th Cir. 2003) (internal punctuation and quoted case omitted). As a result, the court cannot address the merits of plaintiff's complaint until it can be determined that plaintiff exhausted available administrative remedies. Plaintiff's motion under Rule 56(f) should therefore be denied.

**Motion To Strike Defendant Boyer's Motion For Summary Judgment**

On August 15, 2006 plaintiff filed a motion to strike defendant Boyer's motion for summary judgment, and the memorandum in support thereof, alleging that defendant failed to comply with the Federal Rules of Civil Procedure or with this Court's local rules. Specifically, Plaintiff asserts that the affidavit of Lt. Robert Kim, Exhibit A to defendant's memorandum in support of his motion for summary judgement, should be excluded because it was not properly authenticated and contains hearsay. Plaintiff argues that all of the exhibits offered in support of defendant's summary judgment motion should be excluded because they suffer from various fatal defects, primarily lack of authentication. Defendant counters that all of the arguments raised in plaintiff's motion are without merit and that all of the exhibits are properly authenticated.

Motions to strike are properly directed only to pleadings. 2 James W. Moore, et al., Moore's Federal Practice §12.37[2] (3rd ed. 2003). Under Federal Rule of Civil Procedure 12(f), a court may

5

"order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Motions to strike are not favored and are infrequently granted, because they propose a drastic remedy. Stanbury Law Firm v. Internal Revenue Service, 221 F.3d 1059, 1063 (8th Cir. 2000). Nonetheless, resolution of such a motion lies within the broad discretion of the Court. Id. Because motions to strike are only properly directed to pleadings, the motion to strike should be denied.

In addition, plaintiff's contention that the affidavit of Lt. Robert McKlin is not authenticated is without merit. The Court also finds plaintiff's arguments regarding defendant's other summary judgment exhibits to be without merit. Plaintiff's motion to strike defendant's motion for summary judgment and memorandum in support should be denied.

**Motion for Default Judgment**

Plaintiff moves for default judgment against "Nurse Laplant" as a procedural matter because of the nurse's alleged failure to answer plaintiff's complaint. Plaintiff's motion is defective because before he can move for default judgment he must first seek a clerk's entry of default Fed. R. Civ. P. 55(a). An entry of default from the Clerk of the Court pursuant to Fed. R. Civ. P. 55(a) is a prerequisite to and must precede the grant of a default judgment under Rule 55(b). Johnson v. Dayton Elec. Mfg. Co., 140 F.3d 781,783 (8th Cir. 1998); see 10 Wright, Miller and Kane, Federal Practice and Procedure: Civil 2d §§ 2682 at 406, 2683 at 413 (1983).

Plaintiff's complaint does not name "Nurse Laplant" as a defendant. Although a summons was returned indicating that LaPlant was served with summons directed to "Nurse Jane Doe," plaintiff did not timely respond to the Courts order of March 21, 2006 directing him to name the unknown Doe defendants. In addition this Court has no basis to know that Nurse Jane Doe is the same individual as Nurse Laplant. Plaintiff's motion for default judgment should be denied.

6

**Motions for Joinder**

Plaintiff moves for leave to join booking officer or receiving officer John Doe, and transporting officer John Doe who he alleges are both employed by the Jefferson County Sheriffs Department. Under 42 U.S.C. § 1997(e)(a), a prisoner cannot bring a § 1983 action with respect to prison conditions until such administrative remedies as are available are exhausted." Kozohorsky v. Harhom, 332 F.3d 1141, 1143 (8th Cir. 2003) (internal punctuation and quoted case omitted). As a result, the court cannot address the merits of plaintiff's complaint until it can be determined that plaintiff exhausted available administrative remedies.

On July 11, 2006 defendant Boyer filed a summary judgment motion with this Court alleging that because plaintiff did not exhaust all of the administrative remedies available to him, the present action should be dismissed. Pending review of Boyer's motion for summary judgment, it would be inappropriate for this Court to grant plaintiff leave to join additional parties. Therefore, Plaintiff's motions for joinder should be denied without prejudice.

**Motions to Amend Complaint**

Although leave to amend is to be freely granted under Federal Rule of Civil Procedure 15(a), the Court has discretion whether or not to grant leave to amend. Zenith Radio Corp. v. Hazeltine Research, Inc., 401 U.S. 321, 330-32 (1971). Factors to consider in determining whether leave to amend should be granted include but are not limited to (1) whether the motion was filed in bad faith or with dilatory motive; (2) whether the motion was filed with undue delay; (3) whether leave to amend would be unduly prejudicial to the opposing parties; and (4) whether the proposed amendment would be futile. See Bell v. Allstate Life Ins. Co., 160 F.3d 452, 454 (8th Cir. 1998) (citing Foman v. Davis, 371 U.S. 178, 182 (1962)); Williams v. Little Rock Municipal Water Works, 21 F.3d 218, 224 (8th Cir. 1994).

On March 21, this Court issued an order directing plaintiff to file a motion for leave to file a proposed amended complaint along with a proposed amended complaint attached, no later than June 26, 2006. On June 6, 2006 plaintiff filed a motion for leave to file a proposed amended complaint, however, he failed to attach the proposed amended complaint as ordered. On July 5, 2006 plaintiff filed another motion for leave to file an amended complaint, however, this motion did have an amended complaint attached. On July 7, 2006 plaintiff filed a motion to file the June 5, 2006 motion for leave to file a proposed amended complaint and attached complaint out of time. Because plaintiff failed to meet the June 26, 2006 deadline set by the Court in its order of March 21, 2006, the plaintiff's motions to file an amended complaint should be denied.

**Motions to Submit Evidence**

Plaintiff has submitted, in various forms, motions to submit evidence to the Court. Plaintiff's motions should be denied. Although he may offer evidence in the form of attachments to his response to defendant Boyer's motion for summary judgment or at the trial of this matter, the Court will not take judicial notice of evidence or documents in a separate case file. These motions should therefore be denied.

**Conclusion**

For the forgoing reasons, plaintiff's motion for relief under rule 56(f), motion to strike defendant Boyer's motion for summary judgment, motion for default judgment, motions for joinder, motions to amend complaint, motions for discovery, motion to compel and for an extension of time, and motions to submit evidence.should be denied.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for relief under Rule 56(f) of the Federal Rules of Civil Procedure is **DENIED.** [Doc. 48]

**IT IS FURTHER ORDERED** that plaintiff's motion to strike defendant's motion for summary judgment is **DENIED.** [Doc. 50]

**IT IS FURTHER ORDERED** that plaintiff is granted until October 13, 2006 to respond to defendant's motion for summary judgment.

**IT IS FURTHER ORDERED** that plaintiff's motions for discovery and to compel are **DENIED without prejudice**. [Docs. 27, 29, 38, 39, 52]

**IT IS FURTHER ORDERED** that plaintiff's motion for default judgment is **DENIED.** [Doc. 26]

**IT IS FURTHER ORDERED** that plaintiff's motions for joinder are **DENIED without prejudice**. [Docs. 28, 36]

**IT IS FURTHER ORDERED** that plaintiff's motions to amend his complaint are **DENIED**. [Docs. 25, 35, 40, 43]

**IT IS FURTHER ORDERED** that plaintiff's motion to submit evidence are **DENIED**. [Docs. 30, 32, 33]

_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this 26th day of September, 2006.