UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| CRAIG FRENTZEL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:05-CV-2304 CAS |
| | ) | |
| GLENN BOYER, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on plaintiff's motion for leave to proceed in forma pauperis on appeal, motion for an order directing the Missouri Department of Corrections to issue plaintiff a certified copy of his prison account statement for the six-month period immediately preceding the filing of his notice of appeal, and motion for reconsideration of the Court's Memorandum and Order of March 29, 2007. For the following reasons the Court will deny plaintiff's motions.

In Forma Pauperis Status

Plaintiff moves the Court for leave to proceed in forma pauperis on appeal. Plaintiff also moves the Court for an order directing the Missouri Department of Corrections to issue him a certified copy of his prison account statement for the six-month period immediately preceding the filing of his notice of appeal. Under Federal Rule of Appellate Procedure 24(a)(3)(A), however, plaintiff's motions are moot because plaintiff has already been granted in forma pauperis status. Fed. R. App. P. 24(a)(3)(A) states:

> "A party who was permitted to proceed in forma pauperis in the district-court action, or who was determined to be financially unable to obtain an adequate defense in a criminal case, may proceed on appeal in forma pauperis without further authorization, unless: (A) the district court--before or after the notice of appeal is filed--certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled

> to proceed in forma pauperis and states in writing its reasons for the certification or finding[.]"

Fed. R. App. P. 24(a)(3)(A).

Because plaintiff was granted leave to proceed in forma pauperis in this action, he does not need leave of Court to do so on appeal. Likewise, because plaintiff's in forma pauperis status remains unchanged, there is no reason for the Court to order the Missouri Department of Corrections to issue a certified copy of plaintiff's prison account statement. Therefore, plaintiff's motions should be denied as moot.

<u>Motion For Reconsideration</u>

Plaintiff moves the Court to reconsider its ruling of March 29, 2007, in which it entered judgment in favor of defendant Glenn Boyer, dismissed plaintiff's state law claims without prejudice, and dismissed plaintiff's claims against defendants John Doe Doctor and Jane Doe Nurse without prejudice. The Court construes plaintiff's request as a motion for reconsideration under Federal Rule of Civil Procedure 60(b) because the motion was filed more than ten days after final judgement was entered. Relief under Rule 60(b) is limited. A district court should grant a Rule 60(b) motion only upon an adequate showing of exceptional circumstances. <u>Schwieger v. Farm Bureau Ins. Co. of Neb.</u>, 207 F.3d 480, 487 (8th Cir. 2000); <u>Richards v. Aramark Services, Inc.</u>, 108 F.3d 925, 927 (8th Cir. 1997) (internal quotations and citations omitted). Rule 60(b) motions are viewed with disfavor and are addressed to the Court's discretion. <u>Rosebud Sioux Tribe v. A & P Steel, Inc.</u>, 733 F.2d 509, 515 (8th Cir.), <u>cert. denied</u>, 469 U.S. 1072 (1984).

Federal Rule of Civil Procedure 60(b) relieves a party from a final judgment or order on one of six specified grounds: Mistake, inadvertence, surprise, or excusable neglect, Fed. R. Civ. P. 60(b)(1); newly-discovered evidence which by due diligence could not have been discovered in time for a Rule 59(e) motion, Fed. R. Civ. P. 60(b)(2); fraud, misrepresentation or other misconduct of

2

an adverse party, Fed. R. Civ. P. 60(b)(3); the judgment is void, Fed. R. Civ. P. 60(b)(4); the judgment has been satisfied, released, or discharged, or an earlier judgment on which this judgment is based has been reversed or vacated, or it is no longer equitable that the judgment have prospective application, Fed. R. Civ. P. 60(b)(5); and any other reason justifying relief from the operation of the judgment, Fed. R. Civ. P. 60(b)(6). The Court finds that plaintiff has not met the prerequisites for relief under 60(b) because he has failed to establish any of the six specified grounds. Therefore, plaintiff's motion for reconsideration should be denied.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff Craig Frentzel's Motion to Proceed In Forma Pauperis on Appeal is **DENIED as moot**. [Doc. 67]

**IT IS FURTHER ORDERED** that plaintiff Craig Frentzel's Motion for Court Orders is **DENIED as moot**. [Doc. 68]

**IT IS FURTHER ORDERED** that plaintiff Craig Frentzel's Motion for Reconsideration and/or in the Alternative Notice of Appeal is **DENIED as moot**. [Doc. 69]

                                          */s/ Charles A. Shaw*
                                    **CHARLES A. SHAW**
                                    **UNITED STATES DISTRICT JUDGE**

Dated this  3rd  day of May, 2007.